**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kara Vega,<br><br>        Plaintiff,<br><br>v.<br><br>Tucson Unified School District, et al.,<br><br>        Defendants. | No. CV-23-00012-TUC-JCH<br><br>**ORDER SETTING**<br>**RULE 16 CONFERENCE** |

  Under Rule 16,[1] a Case Management Conference ("CMC") is set for **April 26, 2023** at **2:00PM**. The conference will be held telephonically and off the record. Call 888-363-4735 and enter access code 5538514 to join the conference.

  A. <u>Rule 26(f) Meeting and Case Management Report</u>.

  The parties shall meet and confer at least ten (10) days before the CMC as required by Rule 26(f). At this meeting the parties shall consider the expedited trial alternative set forth in section B below and shall develop a joint Case Management Report ("CMR") consistent with section C below.

  B. <u>Expedited Trial Alternative</u>.

  The parties may elect to take this case directly to trial — whether jury or bench trial —without discovery and without motion practice. The expedited trial alternative provides a ready trial forum in which to resolve cases without the time and expense normally required for discovery and motion practice.

  1.  An expedited trial will be held only if all parties agree.

---

[1] All rules reference the Federal Rules of Civil Procedure unless otherwise indicated.

2. If the parties elect an expedited trial:

    a. No formal discovery or motion practice will occur.

    b. The Joint Case Management Report required by section C below need not include the information called for in section C(8), (12), (14), and (15).

    c. At the CMC scheduled above, the Court will set a Final Pretrial Conference within two months. At the Final Pretrial Conference, the Court will give the parties a firm trial date, usually within two or three months of the Final Pretrial Conference. Thus, the expedited trial likely will occur about four or five months after the CMC.

3. Counsel for each party shall discuss this expedited trial alternative with his or her client before the CMC. As part of this discussion, counsel shall provide the client with two good faith estimates of the costs (including attorneys' fees) to litigate this case to completion: (a) an estimate if an expedited trial is elected, and (b) an estimate if an expedited trial is not elected and typical discovery and motion practice occur. The point is for the clients to understand the potential cost savings of electing an expedited trial.

4. Each counsel shall certify in the CMR that he or she has held the client discussion required above. Each pro se litigant shall certify that he or she has considered the expedited trial alternative.

5. If the parties identify other expedited procedures that might reduce litigation costs, such as limited discovery leading to an expedited trial with no motion practice, they may propose such procedures in the CMR.

C. <u>Joint Case Management Report</u>.

The CMR shall contain the following in separately numbered paragraphs:

1. The parties in the case, including any parent corporations or entities (for recusal purposes);

2. The parties who attended the Rule 26(f) meeting and assisted in developing the CMR;

3. The jurisdictional basis for the case, (see the accompanying footnote), with citation to specific jurisdictional statutes[2];
4. A short statement of the nature of the case (3 pages or less);
5. Any parties which have not been served and an explanation why they have not been served, and any parties which have been served but have not answered or otherwise appeared;
6. State whether any party expects to add additional parties or otherwise to amend pleadings (the Court will set a deadline to join parties or amend pleadings);
7. Whether the parties elect the Expedited Trial option described in section B above, and the certification(s);
8. List contemplated motions and the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);
9. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;
10. The status of related cases pending before other courts or other judges of this Court;
11. Discuss any issues related to disclosure or discovery of electronically stored information ("ESI"), including ESI preservation and the form or forms in which ESI will be produced (*see* Rules 16(b)(3), 26(f)(3));
12. Discuss any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3));
13. Discuss whether an order under the Federal Rules of Evidence 502(d) is warranted in this case;

---

[2] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Inc. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

14. Discuss necessary discovery, including:
    a. The extent, nature, and location of discovery anticipated by the parties;
    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;
    c. The number of hours permitted for each deposition.
15. State when the parties exchanged or will exchange Rule 26(a) initial disclosures;
16. Propose specific dates for each of the following deadlines (deadlines should fall on a Friday unless impracticable):
    a. Completion of fact discovery[3];
    b. Full and complete expert disclosures under Rule 26(a)(2)(A) – (C);
    c. Completion of all expert depositions;
    d. Completion of good faith settlement talks;
    e. Filing dispositive motions.
17. Whether a jury trial has been requested and whether the jury trial request is contested (if contested, briefly explain why);
18. The prospects for settlement, including any request for Court assistance with settlement efforts; and
19. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner consistent with Rule 1.

The parties shall jointly file the CMR not less than seven (7) days before the CMC. Plaintiff(s) shall initiate the Rule 26(f) meeting and prepare the CMR. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and help prepare the CMR.

D. <u>Case Management Order</u>.

Look to Rule 16 for the objectives of the CMC. Counsel who will be responsible

---

[3] The discovery deadline is the date by which all discovery shall be completed. Discovery requests shall be served, and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes.

at trial, and any party who is not represented by counsel, shall participate in the CMC and have authority to enter stipulations during the CMC.

After the CMC, the Court will enter a Case Management Order. The Court will enforce the deadlines in the Case Management Order and the parties should plan accordingly.

E. <u>Other Matters</u>.

The parties are expected to know and comply with the Federal and Local Rules of Civil Procedure. All filings shall comply with Local Rules 7.1 and 7.2. The Clerk of the Court shall send copies of this order to all counsel of record and to any unrepresented parties.

**IT IS SO ORDERED.**

Dated this 22nd day of March, 2023.

_____
Honorable John C. Hinderaker
United States District Judge