**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kara Vega, | No. CV-23-00012-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Unified School District, et al., | |
| Defendants. | |

In this case, Plaintiff Vega, individually and on behalf of her daughter, A.K., seeks to hold Defendants Tucson Unified School District and Roberts-Naylor K-8 School liable for six claims arising from Defendants' alleged failure to protect A.K. from sexual assault by a classmate. *See* Doc. 1. Before the Court is Defendants' Motion for Partial Judgment on the Pleadings. Doc. 16. Defendants seek to dismiss Count Six, Vega's claim for loss of consortium with A.V. after A.V.'s sexual assault. *Id.* at 1–2. Defendants' Motion is fully briefed. Docs. 17, 19.[1] The Court will dismiss Vega's loss of consortium claim without prejudice because the Complaint does not sufficiently show that Vega timely notified Defendants of her claim under A.R.S. § 12-821.01.

**I.    Legal Standards**

    **a.  Rules 8 and 12(c)**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed

---

[1] Defendants' request for oral argument is denied because it would not aid the Court's decision. Fed. R. Civ. P. 78(b).

[] but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). Rule 12(c) "is functionally identical to Rule 12(b)(6) and ... the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). A judgment on the pleadings is appropriate when the pleaded facts, accepted as true and viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992).

All pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires "a complaint contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This "standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).

### b. Loss of consortium

In Arizona, loss of consortium is "a loss of capacity to exchange love, affection, society, companionship, comfort, care and moral support." *Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 272 (1989). Parents may bring "a cause of action for loss of their child's consortium when the child suffers a severe, permanent, and disabling injury that substantially interferes with the child's capacity to interact with his parents in a normally gratifying way." *Id.* But an injury need not nearly destroy the parent-child relationship to be a "severe, permanent, or disabling injury." *Id.* at 273. Rather, whether a "relationship has been harmed enough to warrant damages in any given case is a matter for the jury to decide." *Barnes v. Outlaw*, 964 P.2d 484, 487 (Ariz. 1998); *see also Mendoza v. Rio Rico Med. & Fire Dist.*, 2021 WL 1056307 at *6 (D. Ariz. Mar. 18, 2021) (jury question whether marriage sufficiently harmed from wife's sexual assault as to warrant loss-of-consortium

damages). The only legal question is a threshold determination whether plaintiffs adequately allege a "significant interference with the normal relationship between the parent and child." *Pierce*, 162 Ariz. at 272.

### c.  A.R.S. § 12-821.01

As relevant to this case, Arizona statute provides:

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person … authorized to accept service … within one hundred eighty days after the cause of action accrues. ….
>
> For the purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage.

A.R.S. § 12-821.01(A)–(B).

Interpreting A.R.S. § 12-821.01, Arizona courts have held that accrual depends "when a plaintiff discovers or reasonably should have discovered the injury was caused by the defendant's negligent conduct.'" *Little v. State*, 240 P.3d 861, 864 (Ariz. Ct. App. 2010) (cause of action accrued when appellant authorized and filed a medical board complaint that detailed wrongful death symptoms, warning signs, inadequate treatment, and other state actors that might have contributed substantially) (citation omitted)). The relevant inquiry is when plaintiff's "'knowledge, understanding, and acceptance in the aggregate provided sufficient facts to constitute a cause of action.'" *Id.* (citing *Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002) (accrual is a jury question where the fact of injury is known but the possibility of negligence is difficult to discern)). "A plaintiff need not know all the facts underlying a cause of action to trigger accrual" but "must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Doe v. Roe*, 955 P.2d 951, 961 (1998).

### II.  Background

At some point before September 2021, a classmate sexually abused and assaulted A.V. on multiple occasions. Doc. 1 ¶¶ 8–14. A.V. notified her teacher's aide (but not Vega), and Defendants' employees ultimately assured A.V. that she would be separated from her

classmate, and he would receive detention. *See id.* ¶¶ 15–17. Despite these assurances, Defendants' employees did not intervene, allowing A.V.'s classmate to continue sexually assaulting and abusing A.V. for over four more months. *Id.* ¶¶ 18–23.

On February 22, 2022, Vega "was alerted" to A.V.'s ongoing sexual assault and abuse. *Id.* ¶ 24. Vega filed a police report the next day, February 23, and took A.V. out of school the following week, on February 28. *Id.* ¶ 25. In response to Vega's concerns, Defendant Roberts-Naylor's Assistant Principal told Vega that A.V.'s classmate would no longer be permitted around A.V., and that Defendants' employees would monitor A.V. and her classmate. *Id.* 26–28.

On March 3, the day after Vega returned A.V. to school, Defendants seated A.V. next to the classmate who had assaulted her. *See id.* ¶¶ 29–30. That same day, March 3, Vega again withdrew A.V. from school after Defendant Robert-Naylor's "inability or unwillingness" to keep A.V. separate from her classmate. *See id.* ¶¶ 31–32.

One hundred ninety-nine days later, on September 19, Vega served Defendants with A.R.S. § 12-821.01 notice of her claims, including Count Six. *See* Doc. 16 at 2; Doc. 17 at 4 (not contesting this date).

In Count Six, Vega asserts Defendants' liability for her loss of consortium with A.V. Doc. 1 at 12. Vega alleges:

> Since experiencing the sexual abuse from her classmate, … A.V. has become withdrawn, angry, and anxious. She is emotionally scarred and will likely never be the same again. Her current counselor has recently referred her to occupational therapy due to the deep scars this has left on her. These drastic behavioral changes have significantly inhibited … Vega's ability to interact and bond with … A.V.

Doc. 1 ¶¶ 89–90. Vega also incorporates by reference her preceding allegations, including:

> As a result of the male student's incessant sexual assault, abuse, and harassment, … A.V. became withdrawn, irritable, nervous, and a mere shadow of her former bright and vigorous self. … A.V. now attempts to shroud her body in loose and baggy clothing and has experienced significant behavioral changes for the worse. … A.V. is no longer comfortable around other male students and is constantly reminded of her traumatic experiences whenever she enters a classroom. … A.V.'s exemplary straight-A record was tarnished by the "D" she received in her class as a result of the male student's

incessant sexual assault, abuse, and harassment.

*Id.* ¶¶ 34–38.

### III. Analysis

The facts as pled do not show entitlement to relief for loss of consortium because they do not clearly show that Vega's notice of claim was timely filed. Instead, the Complaint's allegations vaguely suggest Vega's claim accrued after March 3. But Vega's notice of claim was timely filed only if her claim accrued after March 22. Vega therefore shows only the possibility of entitlement to relief, not plausible entitlement, and the Court will dismiss her loss of consortium claim without prejudice.

#### a. A.V. became withdrawn, angry, and anxious on or after February 22.

A.V.'s behavior changed after her classmate sexually assaulted her. In her claim for loss of consortium, Vega alleges A.V. "bec[a]me withdrawn, angry, and anxious" "[s]ince experiencing sexual abuse from her classmate." Doc. 1 at 12 ¶ 89. Earlier in the Complaint, Vega alleges A.V. "became withdrawn, irritable, nervous, and a mere shadow of her former bright and vigorous self" "[a]s a result of the male student's incessant sexual assault, abuse, and harassment." Doc. 1 ¶ 34. The Complaint also alleges A.V. "has experienced significant behavioral changes for the worse." Doc. 1 ¶ 36. Though phrased slightly differently, the Court concludes that these allegations all refer to the same underlying issue: significant behavioral changes as the result of sexual assault, including being withdrawn, angry, anxious, irritable, nervous, and a mere shadow of a former self.

A.V.'s classmate sexually assaulted A.V. before February 22, 2022. Vega alleges A.V.'s classmate sexually abused her repeatedly before September 2021, Doc. 1 ¶ 16, as well as "for over four more months" after September 2021. Doc. 1 ¶ 19. Vega "was alerted to the ongoing sexual assault and abuse on February 22, 2022[,]" Doc. 1 ¶ 24, and kept A.V. out of school until March 2, 2022. Doc. 1 ¶ 29. After A.V. was again placed in the same classroom with her assailant, Vega removed A.V. from school again on March 3, 2022. Doc. 1 ¶ 32. Vega does not allege that A.V.'s classmate sexually assaulted and abused A.V. on March 2, 2022. *See generally* Doc. 1.

Thus, the absolute latest A.V. could have become withdrawn, angry, and anxious is on or after February 22, 2022. Vega does not allege when A.V.'s abuse started, only that A.V. was abused repeatedly before September 2021. Because A.V. became withdrawn "since" abuse that began before September 2021, A.V. could conceivably have become withdrawn before or in September 2021. Vega also alleges that A.V.'s abuse continued after September 2021, until February 22, 2022. Because A.V. became withdrawn "since" abuse that began before September 2021 and continued until February 22, 2022, A.V. could conceivably have become withdrawn at any time before or on February 22, 2022. But at this stage, the Court must view the allegations in the light most favorable to Vega. That requires the Court to view the Complaint as alleging that A.V. became withdrawn on or after February 22, 2022. Critically, nothing in the Complaint alleges or implies A.V. became withdrawn after March 22, 2022. Even viewing the allegations in the light most favorable to Vega, the Court cannot infer that A.V. became withdrawn after March 22, 2022, only that she became withdrawn on or after February 22, 2022.

### b. Vega discovered the possibility of negligence on March 3.

Vega's loss of consortium claim accrued on or after March 3, 2022, when she discovered the possibility of negligence. As discussed in the legal standards section above, a cause of action accrues when a plaintiff discovers or reasonably should have discovered (1) an injury (2) caused by negligence. As a threshold matter, and again viewing the allegations in the most favorable light to Vega, the Complaint alleges a "significant interference with the normal relationship between the parent and child" when A.V. became "withdrawn, angry, and anxious" on or after February 22, 2022. The Complaint's other allegations—that A.V. is not comfortable around male students, got a "D" grade, shrouds her body in loose and baggy clothing—do not allege impairment of A.V.'s relationship with her mother. Vega reasonably should have discovered this significant interference with her relationship to A.V. at the same time it occurred—the interference and the discovery are the same because both resulted from A.V. becoming withdrawn, angry, and anxious. Next, Vega reasonably should have discovered the possibility of negligence no later than March

3, 2022, because that is when A.V. was seated next to the classmate who sexually assaulted her despite the Assistant Principal's assurance to Vega that the classmate would no longer be permitted around A.V. *See* Doc. 1 ¶¶ 27, 30.[2] Taken together, the Complaint alleges (1) an injury discovered after February 22, 2022 and (2) the possibility of negligence discovered on March 3, 2022. Even viewing the allegations in the light most favorable to Vega, this is not a case where the fact of injury is known but the possibility of negligence is difficult to discern. Vega possessed a minimum requisite of knowledge sufficient to identify an injury after February 22, 2022, and to identify potential negligence on March 3, 2022. Again, nothing in the Complaint suggests that A.V. became withdrawn or that Vega discovered negligence after March 22, 2022.

### c. Vega's claim is barred unless it accrued on or after March 22.

Arizona's notice-of-claim statute would bar Vega's loss of consortium claim if the claim accrued before March 22, 2022. Arizona requires notice to public entities "within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). The parties agree that Vega filed notice of her claim on September 19, 2022. *See* Doc. 16 at 2; Doc. 17 at 4 (not contesting this date).[3] Date not inclusive, March 22, 2022, is one hundred eighty days before September 19, 2022. *See* Fed. R. Civ. P. 6(a). Thus, if Vega's loss of consortium claim accrued before March 22, Vega's September 19 notice was untimely.

### d. Vega's claim is too vague to show entitlement to relief.

Faced with a fundamental vagueness about the date Vega's claim accrued, the Court

---

[2] The Complaint also alleges that Vega "was alerted to the ongoing sexual assault and abuse on February 22, 2022[.]" Doc. 1 ¶ 24. That statement fairly implies that Vega was alerted to all aspects of the abuse, including that A.V. told a teacher's aide who promised to speak to a teacher, *id.* ¶ 15, that Defendant's employees told A.V. she would be separated from the male student and he would receive detention, *id.* ¶¶ 16, 17, that "[d]espite these assurances, no steps were taken to mitigate the problem," *id.* ¶ 18, and that Defendants did not intervene, report, or prevent the behavior and in fact enabled it. *Id.* ¶¶ 20–23. That in turn would suggest that Vega reasonably should have understood the possibility of negligence on February 22, 2022. But the Court declines to draw that inference at this stage.
[3] Given the parties' agreement that Vega served A.R.S. § 12-821.01 notice on September 19, 2022, the Court can exclude Defendants' exhibit, Doc. 16-2, and avoid converting Defendants' motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

cannot determine whether Vega's notice was timely under A.R.S. § 12-821.01. Vega's allegations show that her loss of consortium claim accrued on or after March 3, but Vega's notice was untimely unless her claim accrued on or after March 22. Vega's pleading has thus failed to show entitlement to relief. Vega alleges only the possibility of entitlement, not plausible entitlement. The Court must therefore dismiss. But because the claim could be cured through amendment, the Court will dismiss Vega's claim without prejudice. If Vega chooses to amend and cures her claim, the Court will consider ordering limited discovery and setting a hearing on the claim as requested by Defendants, Doc. 19 at 2 n. 4, and contemplated by A.R.S. § 12-821.01(G) (a genuine issue regarding notice-of-claim timeliness "shall be resolved … at the earliest possible time").

### e. Vega's sole objection is unpersuasive.

Vega objects that her claim accrued on May 4, 2022. Doc. 17 at 4. That is the date that Vega "presented A.V. for counseling related to her symptoms of trauma and depression." *Id.* Vega further alleges that she "was unaware of the impact … [on A.V.] until she began exhibiting the symptoms described earlier in this Response." *Id.* Earlier in her response, Vega briefly summarizes the Complaint's allegations. *See id.* at 2.

Vega's objection is unpersuasive because the May 4 date appears nowhere in her Complaint. *See generally* Doc. 1. As written, the Complaint provides no basis for inferring that Vega's claim accrued on or after March 22, only that it accrued on or after March 3.

## IV. Order

Accordingly,

**IT IS ORDERED GRANTING WITHOUT PREJUDICE** Defendants' Motion (Doc. 16). Vega's loss of consortium claim, Doc. 1 ¶¶ 87–91, is dismissed without prejudice. Vega may amend the Complaint within 30 days of this Order.

Dated this 7th day of September, 2023.

_____
John C. Hinderaker
United States District Judge